[Cite as *All Foils, Inc. v. Kulik*, 2026-Ohio-2534.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALL FOILS, INC.,                               :

    Plaintiff-Appellee,              :

                                             No. 115306

    v.                                      :

MICHAEL KULIK, ET AL.,                    :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-104554

---

### *Appearances:*

Weston Hurd LLP, Scott Khan, and Matthew K. Seeley, *for appellee*.

Greenberg Traurig, LLP, Alicia M. Chiu, and Jake Evans, pro hac vice, *for appellants* Prosvic Sales, Inc., and Jodi Lunar.

SEAN C. GALLAGHER, J.:

{¶ 1} Jodi Lunar ("Lunar") and Prosvic Sales, Inc. ("Prosvic") (collectively, "Appellants") appeal the judgment granting All Foils, Inc., preliminary injunctive relief, which was superseded by a modified preliminary injunction issued a month

later. Because this court improvidently denied All Foils' motion to dismiss this appeal based on preliminary arguments presented by Appellants in support of jurisdiction, which omitted important context, we sua sponte reconsider that motion. In general, the granting of a preliminary injunction that maintains the status quo until the merits of a permanent injunction are considered is not a final appealable order. We must adhere to that general proposition. Because this court lacks jurisdiction over nonfinal, interlocutory orders, this appeal is dismissed.

{¶ 2} All Foils filed suit against Michael Kulik ("Kulik"), and in the first amended complaint, Lunar and "Dingsheng Aluminum Industries d/b/a Prosvic Sales, Inc.," were included as new party defendants. All Foils alleged that its former sales representative, Lunar, left the company and thereafter contacted Kulik, then still working for All Foils, to request confidential information related to All Foils' business: All Foils' customer database and contact information. Kulik complied. There is no dispute at this stage that Prosvic hired Lunar, who is bound by the terms of a two-year noncompete agreement with All Foils. All Foils presented evidence that Lunar requested and received All Foils' trade secrets after her departure, and All Foils' clients indicated solicitation was occurring by Prosvic based on information directly attributed to the purloined information.

{¶ 3} Based on these allegations, All Foils raised breach-of-contract and misappropriation-of-trade-secrets claims against both Kulik and Lunar. All Foils also alleged misappropriation of trade secrets against Prosvic. Pertinent here, among requests for various damages and litigation costs, All Foils sought "[o]n all

counts, injunctive relief enjoining Defendants from their continuing use, disclosure, possession, maintenance or other misappropriation of All Foils' Confidential Trade Secrets and requiring destruction of all Confidential Trade Secrets in their possession." It is under this framework that injunctive relief was preliminarily granted.

{¶ 4} There was no bond requirement imposed in the preliminary injunction.

{¶ 5} The preliminary injunction precluded Appellants from contacting any current or former customers of All Foils. Appellants, in this appeal, primarily argue that condition is "overly broad" or vague because there is a possibility that the injunction impedes Prosvic from selling to customers it retained before its alleged theft of All Foils' customer database. This argument ignores the appointment of a special master to compare All Foils' customer list with Prosvic's list for the purpose of enforcing the injunction during the ongoing litigation without impeding Prosvic's vested interest in existing clients, an issue that had further been resolved in the trial court's modification expressly excepting Prosvic's current customers, which would have been in effect but for Appellants' appeal. In fact, Appellants altogether failed to acknowledge the appointment of the special master in claiming that they had the right to immediately appeal because, in their words, "enforcement of the Preliminary Injunction will cause Prosvic to lose customers who pre-existed the alleged misappropriation and will prevent solicitation of shared customers who were acquired prior to Lunar's employment."

{¶ 6} Even if the special master's appointment to protect both parties' interest in their respective customer bases were ignored, Appellants' base argument relies on mere speculation as to whether Prosvic's and All Foils' shared customers before Prosvic's engagement with Lunar and the alleged theft of All Foils' trade secrets. In fact, Appellants' argument directly conflicts with their representation to this panel that they are not aware of which customers are on the disputed list. Appellants' brief at p. 18 ("Here, the Preliminary Injunction prohibits Appellants from contacting or soliciting any customer on the 'misappropriated customer list.' However, neither Prosvic nor Lunar possesses this list, making compliance impossible."). If they were unaware of which clients are on the list as represented in their appellate briefing, neither Lunar nor Prosvic could possibly produce evidence of a preexisting relationship without speculating that it would be possible. Although there is some indication in the record that Prosvic has an existing relationship with one parent company of a subsidiary that is a former client of All Foils, Prosvic was unable to offer any clarity or specificity as to the scope of their existing relationship or the interplay between the distinct corporate entities. Again, and despite belaboring this point, that issue would have been addressed by the special master, the appointment of whom Appellants do not challenge in this appeal.

{¶ 7} Regardless, it appears the challenges Appellants assert in this appeal would have been settled by the trial court. In fact, the relief requested — to nullify the preliminary injunction because it lacked a bond requirement and lacked specificity with respect to the scope of the enforced prohibition against contacting

All Foils' customers — was already resolved by the trial court on agreement of the parties to modify the original preliminary injunction. This appeal was filed a day before the trial court issued the agreed-upon modification.

{¶ 8} This procedural history is important. Two days after conferencing with the trial court and agreeing to submit proposed revisions to the preliminary injunction at the heart of this appeal, Appellants filed this appeal instead of submitting a proposed entry as they agreed to with the trial court. Appellants then used this appeal to claim that the modified preliminary injunction was a nullity because the trial court issued the injunction a day after Appellants filed the notice of appeal. As expressly noted by the trial court, Appellants had agreed to submit proposed revisions to the injunction:

> COUNSEL FOR ALL PARTIES AGREED TO SUBMIT PROPOSED REVISIONS TO THE EXISTING PRELIMINARY INJUNCTION ORDER AT THE PHONE CONFERENCE HELD WITH THE COURT ON 7/8/2025. PLAINTIFF SUBMITTED PROPOSED REVISIONS TO EXISTING PRELIMINARY INJUNCTION ORDER. DEFENDANT FILED A NOTICE OF APPEAL.

In the modified injunction, the trial court imposed a bond requirement and also limited application to

> [c]ontacting, soliciting, or selling to any current or former customer of All Foils, Inc., but for those customers with whom Prosvic has had an existing business/commercial relationship on and prior to July 18, 2024 ("Existing Customers"), subject to the conditions set forth in Paragraph B below.

Instead of allowing the modified entry to be issued remedying a majority of Appellants' immediate concerns raised in this appeal, the Appellants used the appeal as a delaying tactic to preclude enforcement of the injunction, which would have

prevented them from benefiting from the alleged ill-gotten gains. Importantly, the Appellants also failed to convey this context in opposing the motion to dismiss and failed to mention their involvement in, and agreement to, the modification process.

{¶ 9} There are two issues depriving this court of jurisdiction to review this appeal: (1) the granting of a preliminary injunction is not generally deemed a final appealable order under R.C. 2505.02(B)(4); and (2) the injunction order appealed is not operative by its own terms, meaning there is no justiciable controversy in need of resolution.

{¶ 10} The failure to impose a bond requirement, even if a nominal or zero sum, does not impact the validity of the preliminary injunction issued. It affects enforceability of the injunction. *See, e.g.*, *Skiles v. Bellevue Hosp.*, 2006-Ohio-5361, ¶ 16 (6th Dist.) (Because no bond was posted on the preliminary injunction, and no contempt for a violation could be imposed, the injunction was not operative.); *see also Vanguard Transp. Sys. v. Edwards Transfer & Storage Co. Gen. Commodities Div.*, 109 Ohio App.3d 786 (10th Dist. 1996) (the imposition of a no-bond requirement was sufficient to render the preliminary injunction enforceable). Civ.R. 65(C), in pertinent part, provides that "[n]o temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond executed by sufficient surety . . . in an amount fixed by the court or judge allowing it . . . ." The appeal in this case challenges the imposition of the preliminary injunction, not its enforcement. The lack of a bond requirement does not convert the preliminary injunction into a final appealable order; it simply, and at best, renders the order

inoperative by rule. If the preliminary injunction is not operative, we have no justiciable controversy — the order is a nullity.

{¶ 11} Even if we ignored the lack of a justiciable controversy, "[a] preliminary injunction is a provisional remedy that generally is considered interlocutory and temporary in nature." *Agency Collective, L.L.C. v. Hines*, 2025-Ohio-5864, ¶ 7 (11th Dist.), citing *Madison Twp. Bd. of Trustees v. Hambden Sportsman Inc.*, 2023-Ohio-3304, ¶ 5 (11th Dist.). Thus, "an order granting or denying a preliminary injunction does not automatically qualify it as final and appealable." *Id.* In Ohio, "[w]here the ultimate relief sought is a permanent injunction, courts have held that an appeal at the conclusion of the proceedings will ordinarily provide a meaningful and effective remedy." *Columbus v. State*, 2023-Ohio-195, ¶ 12 (10th Dist.), citing *Taxiputinbay, LLC v. Put-In-Bay*, 2021-Ohio-191, ¶ 12 (6th Dist.) (stating that "[i]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order"). The pleadings in this case sought preliminary and permanent injunctive relief, and appellants have never addressed, much less distinguished, that prevailing jurisdictional law.

{¶ 12} "[I]n order for the preliminary injunction . . . to be considered a final, appealable order, it must fall within the confines of R.C. 2505.02(B)(4)." *Cleveland Hous. Renewal Project v. Wells Fargo Bank, N.A.*, 2010-Ohio-2351, ¶ 17 (8th Dist.), citing *Sinnott v. Aqua-Chem, Inc.*, 2007-Ohio-5584, ¶ 16, and *State v. Muncie*, 91 Ohio St.3d 440, 446 (2001). Appellants failed to demonstrate that the preliminary

injunction issued determines the action with respect to the provisional remedy and prevents a judgment in their favor in the action. The permanent injunctive relief requested in the amended complaint remains pending. *See E. Cleveland Firefighters IAFF 500, AFL-CIO v. E. Cleveland*, 2017-Ohio-1558, ¶ 9 (8th Dist.) (reflecting on the procedural history in which it was concluded that "generally a preliminary injunction maintaining the status quo is an interlocutory order until all issues are resolved in the case"); *Cleveland Clinic Found. v. Orange Technologies*, 2014-Ohio-211, ¶ 12 (8th Dist.) (noting that a preliminary injunction is not a final appealable order when it merely maintains the status quo pending the litigation on the merits and dismissing the appeal); *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37, 38 (1990) (stating the general principle that ordinarily a preliminary injunction cannot be appealed until the injunction becomes permanent).

{¶ 13} Appellants represented a potential harm from imposing the preliminary injunction, as contemplated under subdivision (B)(4)(b) (appealing party would not be afforded a meaningful or effective remedy following a final appeal) because the injunction could prevent Prosvic from contacting current customers — the issue left for the special master to address in the original preliminary injunction and an issue further remedied in the modified preliminary injunction by clarifying that Prosvic could contact existing customers. Appellants thus have not addressed the impact of the permanent injunction sought in the amended pleading. *Ohio Atty. Gen. v. Lager*, 2025-Ohio-5649, ¶ 21 (10th Dist.) (reiterating that "'the second prong of R.C. 2505.02(B)(4) cannot be met when the

provisional remedy is a preliminary injunction and the ultimate relief sought in the lawsuit is a permanent injunction'"), quoting *Preterm-Cleveland v. Yost*, 2022-Ohio-4540, ¶ 18 (1st Dist.), and *Clean Energy Future, L.L.C. v. Clean Energy Future-Lordstown, L.L.C.*, 2017-Ohio-9350, ¶ 7 (11th Dist.). Appellants' arguments in support of our jurisdiction fail. This appeal should have been dismissed for lack of appellate jurisdiction. The lack of appellate jurisdiction cannot be ignored solely based on a preliminary review. In this respect, we are required to revisit the denial of the appellee's motion to dismiss, which should have been granted based on prevailing and controlling authority.

{¶ 14} All Foils' motion to dismiss is reconsidered and granted. This court never obtained jurisdiction over the matter. That being the case, the trial court's modified preliminary injunction, issued the day after this appeal was filed (July 11, 2026), was within the scope of the trial court's ongoing jurisdiction despite any preliminary determinations by this court to the contrary.

{¶ 15} Dismissed. Absent the granting of a stay of execution, if even requested, this judgment is to take immediate effect.

It is ordered that appellee recover of appellants cost herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
LISA B. FORBES, P.J., DISSENTS WITH SEPARATE OPINION

LISA B. FORBES, P.J., DISSENTING:

{¶ 16} Respectfully, I dissent.

{¶ 17} I would find that the preliminary-injunction order is final and appealable under R.C. 2505.03 (authorizing appellate courts to review final orders). We look to R.C. 2505.02 to ascertain whether an order is final. Pertinent here, "[a]n order is a final order that may be [appealed] when it is . . . [a]n order that grants or denies a provisional remedy and to which both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

R.C. 2505.02(B)(4).

{¶ 18} As an initial matter, we note that "a preliminary injunction is a provisional remedy." _Doe v. Columbus_, 2026-Ohio-1095, ¶ 12, citing R.C. 2505.02(A)(3) (defining a provisional remedy in part as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary

injunction.")  In *Doe*, the Ohio Supreme Court found a preliminary injunction met both conditions set forth in R.C. 2505.02(B)(4) and was a final, appealable order. This court has also reviewed appeals from preliminary-injunction orders. *MetroHealth Sys. v. Khandelwal*, 2022-Ohio-77 (8th Dist.) (affirming partial grant of preliminary injunction arising from alleged violation of a contractual noncompete clause); *accord Clifton Steel Co. v. Trinity Equip. Co.*, 2018-Ohio-2186, ¶ 35 (8th Dist.) (affirming grant of preliminary injunction arising from alleged violation of a contractual noncompete clause).

## A. Application of the Final Order Statute to this Preliminary Injunction

{¶ 19}  I would find that this appeal arose from a final order.  Regarding the first prong of the final-order test, under R.C. 2505.02(B)(4)(a), I would find that the preliminary-injunction order in this case "in effect determines this action" and "prevents a judgment . . . in favor of the appealing party," with respect to the preliminary injunction.  In support of its contrary conclusion, the majority cites cases in which no final order existed because a preliminary injunction merely maintained the status quo pending litigation on the merits.  *See*, *e.g.*, *Orange Technologies*, 2014-Ohio-211, at ¶ 12 (8th Dist.).  That is not so here.

{¶ 20} The injunction order at issue barred Prosvic from "contacting, soliciting, or selling to *any* current or former customer of All Foils, Inc. as identified on the misappropriated customer list."  (Emphasis added.)  Witness testimony indicated that the All Foils customer list included information about businesses, including at least Berry Global, with whom Prosvic had a relationship before the list

was allegedly misappropriated. The injunction order effectively prevents Prosvic from contacting its preexisting customers, if those customers happen to be on the All Foils list. Accordingly, I would find that the injunction order goes beyond maintaining or restoring the parties to the status quo pending further litigation of this case.

{¶ 21} The majority disputes this conclusion, asserting that it "ignores the appointment of a special master to compare All Foils' customer list with Prosvic's list for the purpose of enforcing the injunction during the ongoing litigation without impeding Prosvic's vested interest in existing clients." The majority overstates the special master's authority under the order. The trial court mandated that the special master "conduct a forensic comparison of the customer and sales records of Prosvic and All Foils" and discern what information therein "is relevant to this lawsuit" and "should be shared between the parties." The order does not give the special master any discretion, based on his or her forensic review of customer and sales records, to affect the blanket prohibitions the court imposed on Prosvic. That is, the order does not authorize the special master to permit Prosvic to do business with a customer with whom Prosvic had a relationship and means of contacting before the All Foils list was allegedly misappropriated, if that customer appears on the list.

{¶ 22} I would also find that the second prong of the final-order test was satisfied here, that is, that Appellants are not afforded a meaningful or effective remedy by an appeal following final judgment, under R.C. 2505.02(B)(4)(b). In *Doe*, the Court found this criterion of the final appealable order test to be satisfied

"[c]onsidering the *irreparable harm* that is inflicted when a court wrongly enjoins" certain actions.[1] *Doe*, 2026-Ohio-1095 at ¶ 16. (Emphasis added.) Ohio courts have found irreparable harm to support a grant of injunctive relief based on the threat of lost customers and customer goodwill. *See ITS Fin., L.L.C. v. Gebre*, 2014-Ohio-2205, ¶ 26 (2d Dist.) (Court did not abuse its discretion in finding irreparable harm to support preliminary injunction order, in part because "there is a difference between the ability to calculate the amount of payments" a plaintiff was due and "the unquantifiable damages resulting from loss of customers, goodwill and trade secrets.").[2] *See also Alan v. Andrews*, 2007-Ohio-2608, ¶ 53 (7th Dist.) ("A company is also irreparably harmed when an employee attempts to start his own business by taking away the customers he serviced while employed by the employer and by using the employer's own customer lists to build that new business."). Appellants presented evidence that they would suffer irreparable harm from lost customers and customer goodwill absent appeal from the preliminary injunction order. Again, the order barred Prosvic from contacting customers that, according to testimony, the company had relationships with before the alleged misappropriation of the customer list.

---

[1] The injunction in *Doe* prevented a municipality from enforcing a municipal ordinance and did not pertain to misuse of a trade secret.

[2] These findings concerned the merits of an injunction order and did not directly address whether the order was final and appealable.

**{¶ 23}** I also disagree with the majority's conclusion, citing *Lager*, 2025-Ohio-5649 (10th Dist.), that a preliminary injunction is not a final order where the ultimate relief sought in the lawsuit is a permanent injunction. That case acknowledged "three different 'strands of Ohio caselaw' addressing the R.C. 2505.02(B)(4)(b) requirement" with regard to provisional remedies. *Id.* at ¶ 21. Among them was the "status quo" test, which this district has employed, and which, as discussed above, was not satisfied here. A blanket prohibition on appealing a preliminary injunction that does not preserve the status quo, where permanent injunction is also sought, creates the risk that a wrongfully enjoined party will suffer unreviewable and irreparable harm while awaiting the trial court's ultimate decision. I would not adopt such a prohibition.

### B. The Preliminary Injunction Order's Lack of a Surety Bond

**{¶ 24}** The majority concludes that the trial court's failure to impose a surety bond under Civ.R. 65(C) renders this case nonjusticiable on appeal. I disagree. Citing to cases involving contempt proceedings, the majority asserts that the absence of a surety bond is pertinent to the enforcement of a preliminary injunction. On this basis, the majority concludes that, since this proceeding arises from the imposition of the order, rather than from an attempt to enforce it, the surety bond issue is not ripe for review. But, Ohio courts, including this one, have considered the absence of a surety bond from an injunction order within a challenge to the imposition of the order, rather than to its enforcement. *See Kyrkos v. Superior Beverage Group, Ltd.*, 2013-Ohio-4597, ¶ 26, 32 (8th Dist.) (finding trial court

abused its discretion in granting preliminary injunction absent evidence of irreparable harm and where adequate legal remedy existed; finding no abuse of discretion in denial of request for $500,000 bond, where the court set a bond amount only after it issued the injunction order that was the subject of the appeal). *See also Back v. Faith Props., LLC*, 2002-Ohio-6107, ¶ 21, 23-25, 36 (12th Dist.) (no error regarding surety bond where the court did not specifically state that "$500 posted by appellees with respect to [a temporary restraining order] would carry over to the preliminary injunction"; applying four-factor preliminary injunction standard and finding no error in grant of Appellees' motion for injunction order).

### C. The Trial Court's Attempt to Modify the Preliminary Injunction Order After the Initiation of This Appeal

{¶ 25} Finally, I would find that the original preliminary injunction order remained final and appealable despite the trial court's attempt to modify that order by issuing a journal entry after the notice of appeal was filed. I would find that the trial court lost jurisdiction over this case once Appellants filed the notice of appeal of the preliminary injunction order that did not simply maintain the status quo. It is well settled that "[o]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626; *accord Brisbane v. Swagelok Co.*, 2025-Ohio-1450, ¶ 30 (8th Dist.) ("The filing of a notice of appeal divests a trial court of jurisdiction."). When a trial court enters a judgment without jurisdiction, the judgment is void. *State v. Hudson*, 2020-Ohio-3849, ¶ 11.

{¶ 26} The trial court attempted to revise its injunction order by journal entry issued on July 11, 2025. Appellants had filed a notice of appeal on July 10, 2025, making the journal entry purporting to revise the injunction order a nullity. I would find that the July 11, 2025 journal entry has no bearing on whether the original preliminary-injunction order is a final order or on our ability to consider this appeal.

{¶ 27} In light of the foregoing, I dissent from the majority's dismissal of this case for lacking a final appealable order. I would address the merits of Appellants' assignments of error.